IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE LUIS AGUILAR, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. TDC-22-2184 |
| MICHAEL J. HICKMAN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses (1) the Motion for Default Judgment ("Motion") (ECF No. 13) and (2) the Supplemental Memorandum In Support of Award of Attorneys' Fees, Costs, and Expenses (ECF No. 16) filed by Plaintiffs Jose Luis Aguilar, Esvelin Palma, Walter Lizama Romero, Dionicio Pena, Aurelio Ortega Pena, Adalberto Cruz, and Julian Ortega Pena. Defendants Michael J. Hickman (individually and doing business as Hickman Contractors), Hickman Contractors, LLC, and Hickman Contractors Custom Renovations, LLC have not filed a response and the time for doing so has passed. *See* Loc. R. 105.2(a). On July 14, 2023, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. ECF No. 14. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons below, I respectfully recommend that Plaintiffs' Motion be granted in part and denied in part, and that Plaintiffs' request for attorney's fees and costs be granted.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs filed this lawsuit against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. §

3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. § 3-501 *et seq.* ("MWPCL").[1] ECF No. 1. Each of the Defendants was personally served with the Complaint and summons, *see* ECF No. 4, but the Defendants did not file an answer or responsive pleading. Plaintiffs moved for the Clerk's entry of default as to each of the Defendants (ECF No. 5). The Clerk granted Plaintiff's requests and entered default against each of the Defendants (ECF No. 6). On July 3, 2023, Plaintiffs filed their Motion, to which Defendants have not responded. On October 4, 2023, Plaintiffs filed their Supplemental Memorandum (as directed by the Court), to which Defendants have also not responded. Plaintiffs' Motion is ripe for decision.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Still, the Court must consider whether the unchallenged facts constitute a legitimate cause of action since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). If the Court determines that liability is established, the Court must then

---

[1] The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. *See* ECF No. 1 at 2.

determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations in the complaint about damages as true but instead makes an independent determination about such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

B.   **Liability**

The Court accepts the allegations in Plaintiffs' Complaint as true for the sake of establishing liability. Plaintiffs raise claims against three Defendants: (1) Michael J. Hickman ("Mr. Hickman"); (2) Hickman Contractors, LLC ("Hickman Contractors"); and (3) Hickman Contractors Custom Renovations, LLC ("Hickman Renovations"). ECF No. 1. Mr. Hickman owns both Hickman Contractors and Hickman Renovations. *Id.* ¶¶ 3-5. At all relevant times, Defendants were in the business of renovating properties. *Id.* Plaintiffs were employees of Defendants. *Id.* ¶¶ 6-12.

Defendants Mr. Hickman, Hickman Contractors, and Hickman Renovations all meet the definition of an "enterprise engaged in commerce" under 29 U.S.C. § 203(r)(1) and (s)(1) because they were under common ownership and control; operated for a common business purpose, and had either employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce; and had a gross volume of sales in excess of $500,000.[2] *Id.* ¶ 4. Mr. Hickman exercised operational control over Hickman Contractors and Hickman Renovations. *Id.* ¶ 5 He (1) "controlled the terms and conditions of Plaintiffs' employment, including compensation and pay practices," (2) had the ability to hire and fire Plaintiffs, (3) was responsible for assigning Plaintiffs to work and detailing the tasks they were to complete, (4) set Plaintiffs' rates of pay, and (5) did the payroll. *Id.* As the officer, owner, and managing member of Hickman Contractors and Hickman Renovations, and as a sole proprietor, Mr. Hickman was an "employer" of Plaintiffs under the FLSA, MWPCL, and the MWHL at all relevant times. *Id.*

Between 2018 and 2022, Defendants employed Plaintiffs as laborers, carpenters, and installers in their construction businesses. *Id.* ¶ 13; ECF No. 13 at 2. Defendants willfully violated the FLSA, the MWLH, and the MWPCL by compensating Plaintiffs at rates less than

---

[2] Under 29 U.S.C. § 203(r)(1), an "enterprise" means "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." And, as relevant here, under § 203(s)(1)(A), an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that
> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

the minimum wage and by failing to pay overtime wages for each hour over 40 that Plaintiffs worked during a given workweek. ECF No. 1 ¶¶ 14-25. Sometimes Defendants failed to pay Plaintiffs at all. *Id.* Instead, they gave Plaintiffs checks drawn on accounts that lacked sufficient funds to cover the checks. *Id.* As for Defendants' violation of the FLSA, Plaintiffs allege that Defendants' actions were "willful . . . and were not undertaken in good faith." *Id.* ¶ 32. As for Defendants' MWHL and MWPCL claims, Plaintiffs allege that Defendants' "unlawful failure or refusal to pay the required wages was not the result of a bona fide dispute." *Id.* ¶ 45.

The FLSA, MWHL, and MWPCL ensure that employees are paid enough for their work. The FLSA and the MWHL require employers to pay employees a minimum hourly wage. The MWPCL requires employers to pay employees their wages regularly and in full on departure. If an employer violates these statutes, the statutes allow employees to recover.

The Court must first determine whether Defendants acted as Plaintiffs' employer, such that the FLSA, the MWHL, and the MWPCL apply to them. Accepting as true the allegations of the Complaint, the Court finds that Defendants acted as Plaintiffs' employer at all relevant times. Defendants (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled their schedule and conditions of employment, and (3) determined Plaintiffs' rates and method of payment. *See Orellana v. ACL Cleaning, LLC*, No. DKC-19-2318, 2022 WL 111167, at *2-3 (D. Md. Jan. 12, 2022) (citing *Harbourt v. PPE Casino Resorts Md., LLC*, 820 F.3d 655, 661 n.5 (4th Cir. 2016); *Campusano v. Lusitano Constr. LLC*, 208 Md. App. 29, 36-38 (2012)).

The Court next considers whether Plaintiffs have established that Defendants failed to pay them the minimum wage required by the FLSA and the MWHL. To make such a showing, Plaintiffs must establish that they did not receive compensation for the work they performed at the statutory minimum hourly rate (for up to 40 hours per week) and the overtime hourly rate

(for hours worked over 40 hours per week). Plaintiffs have made that showing here. Accepting as true the allegations of Plaintiffs' Complaint, and considering the evidence they submitted in support of their Motion (ECF No. 13), the Court finds that Defendants did not pay Plaintiffs the statutory minimum wage required by the FLSA and the MWHL, and that Defendants did not pay Plaintiffs for overtime work that they performed at the rate of one and one-half times her regular hourly rate. Plaintiffs have thus established Defendants' liability under the FLSA and the MWHL.

As for the MWPCL, the Court considers whether Plaintiffs have established that Defendants failed to pay them the wages that were due for their work. Because Plaintiffs have alleged that Defendants did not pay them the wages that were due to them, Plaintiffs have established Defendants' liability under the MWPCL.

### C.    Damages

Having determined that Plaintiffs have established Defendants' liability, it is now appropriate to determine the damages to which Plaintiffs are entitled. The damages Plaintiffs seek in their Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, Plaintiffs have provided sufficient evidence to support an award of damages in the amount of $207,418.32.

In support of their claim for damages, Plaintiffs have submitted affidavits and other evidence. ECF No. 13-1 through 13-11. Plaintiffs' affidavits are all alike in format and content but differ in detail according to the actual wages that each Plaintiff is owed and the circumstances of their nonpayment. The Court will explain how it evaluated the affidavit of the

lead Plaintiff below, and then summarize its recommendations regarding damages for each of the other Plaintiffs.

Plaintiff Jose Luis Aguilar ("Mr. Aguilar") worked for Defendants at various times between January 2020 and May 2022. ECF No. 13-1. He worked as a skilled laborer, installing flooring and ceramic, and completing renovations. *Id.* at 1. Most weeks, Mr. Aguilar worked 40 hours or more. *Id.* Mr. Aguilar was paid by the hour at a rate of $30.00 or hour. *Id.* at 2. He recorded his time on his phone with the EZ Clocker application, using ID Number 152617. *Id.* Although Mr. Aguilar was paid weekly, he was not given a check that showed the hours of work he performed. *Id.* From discovery produced by EZNOVA Technologies (the owner of the EZ Clocker application), Mr. Aguilar reconstructed the hours that he worked and for which he was paid by Defendants. *Id.* at 2. A summary of those hours is filed at ECF 13-1 at 6-9. This summary shows the dates of work, the hours worked during the week (including the regular hours and overtime hours), Mr. Aguilar's hourly rate of pay, the amount he was actually paid, the amount he should have been paid, and the amount he is owed. During his employment, Defendants gave Mr. Aguilar two unsigned and undated checks. ECF No. 13-1 at 2. These checks were intended to be "placeholders" for when Defendants' bank accounts had sufficient funds to pay Mr. Aguilar. *Id.* Mr. Aguilar was never paid for the amounts listed on the checks. *Id.* Mr. Aguilar confirms that the summary chart showing the hours he worked and the amount he is owed is correct. *Id.* The FLSA, MWHL, and MWPCL allow employees to recover regular damages equal the amount of unpaid wages owed under each law. 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. §§ 3-421(a)(1), 3-507.2(a). I find that Mr. Aguilar is owed $12,391.50 in unpaid wages, which includes the overtime wages he is owed and the regular wages he is owed

related to the "placeholder" checks. I recommend that the Court award $12,391.50 in regular damages to Mr. Aguilar.

Mr. Aguilar also seeks an award of enhanced damages. Both the FLSA and the MWHL permit employees to recover liquidated damages equal to the amount of wages owed (meaning double damages). 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. § 3-427(a), (d). The MWPCL permits more generous liquidated damages, up to two times the wage owed, or treble damages, if the wages were not withheld "as a result of a bona fide dispute." *Guillen v. Armour Home Improvement, Inc.*, No. DLB-19-2317, 2023 WL 3819295, at *18 (D. Md. June 5, 2023) (citing Md. Code Ann., Lab. & Empl. § 3-507.2(b); *Programmers' Consortium, Inc. v. Clark*, 976 A.2d 290, 299 (Md. 2009)). A bona fide dispute is one where "the party making or resisting the claim has a good faith basis for doing so" or "there is a legitimate dispute over the validity of the claim or the amount that is owing." *Admiral Mortg., Inc. v. Cooper*, 745 A.2d 1026, 1031 (Md. 2000). The employer bears the burden of establishing a bona fide dispute. *Guillen*, 2023 WL 3819295, at *18.

Defendants have not explained their failure to pay Mr. Aguilar the wages he was owed, and there is no suggestion of any bona fide dispute over the payment of wages. I find that Defendants did not act in good faith and that the wage violations did not result from a bona fide dispute. Even so, "[i]t has become customary in this district to award double damages under the FLSA [or MWHL], but not treble damages under the MWPCL[,]" if there is no evidence that the employee suffered consequential damages as the result of the underpayments. *Guillen*, 2023 WL 3819295, at *18 (collecting cases and explaining that "it makes no difference that the [liquidated] damages are awarded under the MWHL rather than the FLSA"). I recommend that the Court follow that practice here. Mr. Aguilar has not offered evidence of consequential

damages he suffered because of Defendants' underpayments. I recommend that he be awarded liquidated damages in the amount of his regular damages, resulting in a total damage award of $24,783.00.

I recommend that Plaintiffs be awarded regular damages and liquidated damages in the amounts summarized in the following table. In making this recommendation, I employed the same reasoning as stated above for Mr. Aguilar. All of the Plaintiffs have shown that they are entitled to a full award of their unpaid regular and overtime wages, as well as an award of liquidated damages. One of the Plaintiffs (Adalberto Cruz Amador) has shown that he suffered consequential damages such that treble damages are appropriate.[3] The remaining Plaintiffs have not demonstrated that they suffered consequential damages because of the underpayments, so I do not recommend that they be awarded treble damages under the MWPCL. Instead, I recommend that liquidated damages be awarded to these Plaintiffs.[4]

| Plaintiff | Regular Damages | Enhanced Damages | Total Damages |
|---|---|---|---|
| Jose Luis Aguilar | $12,391.50 | $12,391.50 | $24,783.00 |
| Esvelin Palma | $8,907.13 | $8,907.13 | $17,814.26 |
| Adalberto Cruz Amador | $6,210.64 | $12,421.28 | $18,631.92 |
| Aurelio Ortega Pena | $10,172.88 | $10,172.88 | $20,345.76 |
| Dionicio Ortega Pena | $18,013.88 | $18,013.88 | $36,027.76 |
| Julian Pena | $5,324.40 | $5,324.40 | $10,648.80 |
| Walter Lizama Romero | $16,317.96 | $16,317.96 | $32,635.92 |
| | | Total | **$160,887.42** |

---

[3] Mr. Amador cashed a check from Defendants that was returned for insufficient funds. ECF No. 13 at 8-9. He was then sued by the check cashing business that he used to recover the funds from the check it cashed. *Id.* Judgment was entered against him for the amount of the check plus 6% interest, and costs and attorney's fees. I do not recommend that the Court make a separate award of damages for the interest, costs, and attorney's fees assessed against Mr. Amador because these damages are fairly accounted for in an award of treble damages under the MWPCL.

[4] I do not find that the returned check fee of $35.00 that Plaintiff Julian Pena incurred is of sufficient financial consequence to warrant treble damages. *See* ECF No. 13-6 at 2.

Plaintiffs also seeks an award of attorney's fees and costs, which prevailing parties may recover under the FLSA, MWHL, and MWPCL. 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. §§ 3-427(d), 3-507.2(b). Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for 20 years or more may reasonably bill $300-475 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates. Plaintiffs' attorney has been admitted to the bar for 40 years. ECF No. 16 at 9. His hourly rate of $400 is within the presumptively reasonable rate established in the Local Rules, and I find that this is a reasonable hourly rate for the work that Plaintiffs' counsel performed.

Plaintiffs' counsel states that Plaintiffs incurred a total of $45,760.00 in attorney's fees. ECF No. 16. The work that Plaintiff's counsel performed is summarized in billing records filed at ECF No. 13-2. I find that the time Plaintiffs' counsel spent working on the case is reasonable. I have also reviewed the expenses that Plaintiffs incurred, ECF No. 13-3, and find that these expenses are reasonable. I recommend that the Court grant Plaintiffs an award of attorney's fees in the amount of $45,760.00 and costs in the amount of $770.90.

In total, I recommend that $207,418.32 in damages be awarded to Plaintiffs against Defendants. This amount includes $77,338.39 in unpaid wages, $83,549.03 in liquidated damages for unpaid wages, $45,760.00 in attorney's fees, and $770.90 in costs.

## III. CONCLUSION

In sum, I recommend that the Court:

1. Grant in part and deny in part Plaintiffs' Motion for Default Judgment (ECF No. 13) and grant Plaintiffs' request for attorney's fees and costs (ECF No. 16);

2. Enter judgment in favor of Plaintiffs Jose Luis Aguilar, Esvelin Palma, Walter Lizama Romero, Dionicio Pena, Aurelio Ortega Pena, Adalberto Cruz, and Julian Ortega Pena and against Defendants Michael J. Hickman (individually and doing business as Hickman Contractors), Hickman Contractors, LLC, and Hickman Contractors Custom Renovations, LLC, jointly and severally, in the total amount of $207,418.32 (including $160,887.42 in damages for Plaintiffs, $45,760.00 in attorney's fees, and $770.90 in costs), plus post-judgment interest to accrue at the legal rate;

3. Deny the Motion for Default Judgment inasmuch as it seeks an award of damages in excess of my recommendation.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants Michael J. Hickman (individually and doing business as Hickman Contractors), Hickman Contractors, LLC, and Hickman Contractors Custom Renovations, LLC

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

November 6, 2023                                 /s/
Date                                              Timothy J. Sullivan
                                                         Chief United States Magistrate Judge